UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12026-SVW-MAR | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Cleotilde Lopez v. FCA US, LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]

## I.      Introduction

Before the Court is a motion to remand, filed by Plaintiff Cleotilde Lopez on February 9, 2026. Motion to Remand ("Mot."), ECF No. 14. For the following reasons, Plaintiff's motion is DENIED.

## II.      Background

According to the Complaint, Lopez allegedly purchased a new 2022 Dodge Durango ("the Subject Vehicle") on or around March 5, 2023. Complaint ("Compl."), ECF No. 1-1 ¶¶ 7, 9. The Subject Vehicle allegedly came with express written warranties. *Id.* ¶ 8. The Subject Vehicle allegedly manifested defects covered by the warranty during the warranty period. *Id.* ¶ 12. Plaintiff allegedly delivered the Subject Vehicle to Defendant for repair, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiff. *Id.* ¶¶ 18, 34, 35.

As a result, on March 12, 2025, Plaintiff filed suit in the Superior Court of California, County of Los Angeles, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and causes of action for negligent repair and fraudulent concealment. Compl. ¶¶ 46-77. Plaintiff sought "actual damages," "restitution," "civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," "costs," "reasonable attorneys' fees," and "prejudgment interest." *Id.* ¶ 71(a)-(h).

:

| | | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12026-SVW-MAR | Date | February 19, 2026 |
|---|---|---|---|

| Title | *Cleotilde Lopez v. FCA US, LLC et al* |
|---|---|

Defendant removed this case to federal court on December 19, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded with the instant motion to remand. Mot.

### III. Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1).

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

### IV. Discussion

Defendant removed this case based on diversity jurisdiction, which requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)-(a)(1). The parties only dispute whether the jurisdictional threshold has been met.

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12026-SVW-MAR | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Cleotilde Lopez v. FCA US, LLC et al* | | |

### A. Amount in Controversy

Defendant contends that the amount in controversy element is satisfied by a combination of actual damages, civil penalties, attorneys' fees, and punitive damages. The Court agrees that Defendant has met its burden.

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Here, the Court has reviewed the Retail Installment Sale Contract ("RISC"), which shows a sales price of $73,774.56 for the Subject Vehicle. *See* ECF No. 1-4 ¶ 7. Plaintiff urges the Court to disregard the RISC because it does not indicate the actual purchase price and use of the Subject Vehicle. Mot. at 8. We disagree. "Where the Court is unable to determine the specific amount paid towards an installment contract, however, district courts find the 'total cash price' within such contract appropriate as a substitute. *Gonzales v. Ford Motor Co.*, 2025 WL 1166056, at *4 (C.D. Cal. Apr. 21, 2025). Plaintiff also argues that Defendant has not met its burden because Defendant failed to account for the statutory mileage offset. Mot. at 9. We again disagree. Although Defendant neglected to calculate the offset for the Subject Vehicle, because of the inclusion of civil penalties to the amount in controversy, any mileage offset would not reduce the damages below the jurisdictional threshold. The Court thus starts with an actual damages estimate of $73,774.56.

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). Civil penalties are available when the defendant's alleged violations were willful. *Id.* This Court has taken the position that for the amount in controversy to include civil penalties in lemon-law cases, a plaintiff must plead specific allegations of willful infringement in their complaint. *See, e.g., Jorge Humberto Acevedo Pena v. Gen. Motors LLC et al*, 2026 WL 292421, at *5 (C.D. Cal. Feb. 3, 2026). Plaintiff does so here. Plaintiff alleges specific facts that the Subject Vehicle sustained an engine defect that Defendant knew about, concealed, and failed to repair in compliance with the warranty. Compl. ¶¶ 22-33. The Court thus considers Song-Beverly Act civil penalties, which equal twice the amount of actual damages, when calculating the amount in controversy.

The Court concludes that Defendant has met its burden in showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). With a starting estimate for actual damages of $73,774.56 and civil penalties equaling

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12026-SVW-MAR | | Date | February 19, 2026 |
|---|---|---|---|---|
| Title | *Cleotilde Lopez v. FCA US, LLC et al* | | | |

$147,549.12, the amount in controversy here exceeds the jurisdictional threshold. This Court thus has diversity subject matter jurisdiction over this action.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion is DENIED. The motion hearing scheduled for February 23, 2026 is VACATED.

Trial is set for July 28, 2026, and the pretrial conference is set for July 20, 2026.

**IT IS SO ORDERED.**

:

Initials of Preparer    DTA